UNITED STATES COURT OF APPEALS
**Filed 8/20/96**
FOR THE TENTH CIRCUIT

DAVID LAWRENCE WILSON,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS,

Defendant-Appellee.

No. 95-1338
(D.C. No. 95-S-1844)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Plaintiff brought the present action protesting the loss of his visitation privileges as a sanction for his admitted possession of drug paraphernalia in his cell at the federal penitentiary in Florence, Colorado. The district court construed plaintiff's complaint as attempting to state Bivens[1] claims and dismissed it under 28 U.S.C. § 1915(d) as legally frivolous. We review this dismissal for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995).

Upon arrival at the Florence penitentiary, plaintiff received a handbook containing a table of prohibited acts, categorized by level of severity, and the possible sanctions that could be imposed within each category. This information is also contained in 28 C.F.R. § 541.13, Table 3. Possession of drug paraphernalia, which is a prohibited act of the greatest severity, can be punished with a variety of sanctions, including loss of privileges, id. After finding plaintiff guilty of the charged offense, the prison hearing officer imposed several sanctions, including loss of two privileges: visitation (365 days) and use of the commissary (60 days).

Plaintiff contended that the restriction on visitation violated his federal rights in two respects: (1) because visitation is included in the list of "rights and responsibilities" set forth in the handbook, see id. § 541.12, it is a "right," not a "privilege," and, therefore, cannot be taken away as sanction; and, alternatively,

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

(2) if visitation can, in fact, be taken away as a sanction for possession of drug paraphernalia, the handbook does not give an inmate adequate predeprivation notice of this fact. Plaintiff sought restoration of his visitation rights and damages against the Federal Bureau of Prisons.

We agree with the district court that plaintiff's claims are legally frivolous. First, as plaintiff now concedes, visitation is not a constitutional right, and, therefore, can be restricted. E.g., Ramos v. Lamm, 639 F.2d 559, 580 n.26 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). Second, a reading of the entire table of prohibited acts and sanctions clearly shows that visitation is one of the privileges that can be lost as a sanction for prohibited conduct. We also note that, to the extent plaintiff seeks a restoration of his visitation privileges, his claim is now moot, and to the extent plaintiff seeks damages, his claim is barred by the doctrine of sovereign immunity, see United States v. Testan, 424 U.S. 392, 400 (1976)("In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity . . . .").

The judgment of the United States District Court for the District of Colorado dismissing the action as frivolous is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge